```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

   JESSE BROWN, JR.,
                                        1:16-cv-04602-NLH-AMD
             Plaintiff,

        v.                              **OPINION**

   RAILROAD GROUP LIMITED
   LIABILITY COMPANY, et al.,

             Defendants.

**APPEARANCES**:

CAROLINE HOPE MILLER
DEREK SMITH LAW GROUP PLLC
1845 WALNUT STREET
SUITE 1600
PHILADELPHIA, PA 19004
     On behalf of Plaintiff

JOSEPH G. ANTINORI
BROWN & CONNERY, LLP
360 HADDON AVENUE
PO BOX 539
WESTMONT, NJ 08108
     On behalf of Defendants

**HILLMAN**, District Judge

   This matter concerns Plaintiff's claims of race discrimination and retaliation by his employer.  Presently before the Court is the motion of Defendants to dismiss Plaintiff's claims for violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq., because they are time-barred. For the reasons expressed below, Defendants' motion will be granted.

**BACKGROUND & DISCUSSION**

Plaintiff, Jesse Brown, Jr., is an African-American male who began working at Defendant, collectively "Railway Construction," as a laborer in April 2010. Plaintiff alleges that during his time at Railway Construction, he was discriminated and retaliated against because of his race, and that Defendants did not address any of his complaints, including a disproportionate number of "random" drug tests as compared to white employees, white employees being notified ahead of time of "random" drug tests, a noose hanging from a trailer he was directed to clean, suspension for an unprovoked physical altercation when the white employee involved was not disciplined, unwarranted bad reviews, and being singled out in front of other employees because he accepted prevailing wage jobs over non-prevailing wage jobs when this was not true. Because of these, and other, incidents, Plaintiff claims that the humiliation and discrimination he suffered resulted in his constructive discharge on June 2, 2014.

Plaintiff has brought claims pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), 42 U.S.C. § 1981, 42 U.S.C. § 1983 and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq.[1]

---

[1] This Court has jurisdiction over Plaintiff's federal claims

Defendants have moved to dismiss Plaintiff's Fourth, Fifth, and Sixth Counts, which are for violations of the NJLAD. Defendants argue that the alleged NJLAD violations occurred between April 2010 and June 2, 2014, and those claims are time-barred because Plaintiff's July 29, 2016 complaint is beyond the two-year statute of limitations for NJLAD claims. In response, Plaintiff argues that his NJLAD claims should not be dismissed because he waited patiently while the EEOC investigated his Title VII claims, and by the time he received his right-to-sue letter, it would have been nearly impossible for Plaintiff to secure adequate representation to bring this action. Plaintiff further argues that it would be illogical to assert that a work-share agreement between the state and federal government was intended to foreclose protections to an employee.

Plaintiff does not directly dispute that NJLAD claims are subject to a two-year statute of limitations. Illas v. Gloucester County Sheriff's Dept., 2015 WL 778806, at *4 (D.N.J. 2015) (citing Montells v. Haynes, 627 A.2d 654 (N.J. 1993) (concluding a two-year statute of limitations of N.J.S.A. 2A:14-2(a) applies to NJLAD claims)). "'A discrete retaliatory or discriminatory act occurs on the day that it happens.'" Id. (quoting Roa v. Roa, 200 N.J. 555, 985 A.2d 1225 (N.J. 2010)). Here, all of Plaintiff's

---

under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3

claims occurred on or before June 2, 2014. Because Plaintiff's July 29, 2016 complaint is clearly beyond the June 2, 2016 statute of limitations deadline, Plaintiff's claims are time-barred. Plaintiff's arguments for this Court to hold otherwise do not change this result.

As this Court previously explained:

> Unlike Title VII, the NJLAD does not require the claimant to seek an administrative remedy before proceeding with a judicial remedy for his claims. <u>Hernandez v. Region Nine Hous. Corp.</u>, 146 N.J. 645, 684 A.2d 1385, 1389 (N.J.1996). While a plaintiff may elect to seek redress administratively instead of, or prior to, seeking judicial redress, the statute of limitations for filing judicial claims is not tolled by the filing of an administrative claim. <u>See Sylvester v. Unisys Corp.</u>, 1999 WL 167725, at *6 (E.D. Pa. Mar. 25, 1999) (holding that "filing a DCR complaint does not toll the statute of limitations for filing an NJLAD suit in court"). Thus, even assuming that the EEOC had initiated a state charge on Plaintiff's behalf with the New Jersey Division on Civil Rights ("NJDCR") according to its worksharing agreement with the NJDCR, this would not change the fact that Plaintiff would have had to withdraw any such administrative charge and file suit prior to the expiration of the two-year limitations period on May 24, 2008. This was not done.
>
> As the statute of limitations for making a judicial claim is the same regardless of whether or not an administrative charge was made, Plaintiff is barred from proceeding with an action filed outside the period of limitations. Plaintiff's claim was not made until this suit was filed on August 6, 2008, past the two year statute of limitations, and his NJLAD claims are therefore barred.

<u>Omogbehin v. Dimensions Intern., Inc.</u>, 2009 WL 2222927, at *3 (D.N.J. 2009).

Moreover, Plaintiff has not articulated how any equitable tolling principles would be applicable here. Equitable tolling

4

applies where a plaintiff is misled and as a result fails to act within the prescribed time limit, or where a plaintiff is prevented from timely asserting his or her claims because of gross attorney error.  Mungiello v. Federal Express Corporation, 2016 WL 6833070, at *5 (N.J. Super. App. Div. 2016) (citing Villalobos v. Fava, 342 N.J. Super. 38, 50 (App. Div.), cert. denied, 170 N.J. 210 (2001)); Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999)) (other citations omitted).  Plaintiff argues that it would have been nearly impossible to obtain counsel and file suit after waiting for the conclusion of the EEOC process on his federal claims, but Plaintiff does not say whether he already had counsel assisting him on his EEOC claims, or when the EEOC right-to-sue letter was issued.  Nonetheless, even if Plaintiff did not have counsel when the EEOC right-to-sue letter was issued, and even if it was issued the day his NJLAD statute of limitations expired, the statute of limitations for a NJLAD claim is not affected by the administrative process.

Consequently, because Plaintiff's NJLAD claims were filed beyond the two-year statute of limitations, they must be dismissed.  An appropriate Order will be entered granting Defendants' motion to dismiss those claims.

Date: April 7, 2017           s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.